**Naira VALIAN, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–75086.

INS No. A70–776–737.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Oct. 16, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER,* District Judge.

MEMORANDUM**

Naira Valian petitions to review the BIA's denial of her application for asylum and withholding of removal. The record reflects that the IJ doubted her claim of membership in the persecuted Baha'i faith because she could not provide corroboration of such membership.

Absent a clear and supported finding of lack of credibility, her testimony that she had been beaten, nearly raped, and otherwise tortured because of her Baha'i faith must be accepted. *Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000). The IJ at the hearing, did not give her any express indication that he had doubts about her credibility, and never told her what kind of corroboration she might bring in to satisfy his concerns.

The IJ has a duty to conduct a fair hearing, *Hartooni v. INS*, 21 F.3d 336, 339–40 (9th Cir.1994), and to develop the record where there may be doubts of the accuracy or truth of matters presented. *Aguilera–Cota v. INS*, 914 F.2d 1375, 1381 (9th Cir.1990). On the basis of the record before us, we must. accept as compelling the petitioner's testimony concerning past persecution on account of religion. *See Kataria*, 232 F.3d at 1113–14. There was no adequate rebuttal by the government. She has thus satisfied her burden of showing probability of persecution in the future.

The petition for review is **GRANTED** and the matter **REMANDED** to the Board to order withdrawing of removal and to determine whether to grant asylum.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.